IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RHONDA PERRY                                                                       PLAINTIFF

v.                                          CIVIL ACTION NO. 3:11-CV-787-LG-JMR

HINDS COUNTY HUMAN RESOURCE
AGENCY; KEN COCKRELL; AND
JANE AND JOHN DOES 1-5                                                        DEFENDANTS

## ORDER DENYING DEFENDANTS MOTION
## TO DISMISS AND TO QUASH SERVICE OF PROCESS

BEFORE THIS COURT is the Defendants' Motion to Dismiss and to Quash Service of Process [7] pursuant to FED. R. CIV. P. 4(m) and 12(b)(5).  In, essence the Defendants seek dismissal based upon the failure of the Plaintiff to demonstrate "good cause" for an extension of time to complete service of process. The Court having considered the Motion and pleadings on file is of the opinion that Defendants' Motion should be denied.

## FACTS AND PROCEDURAL HISTORY

Plaintiff filed gender-based discrimination and retaliation claims on December 27, 2011.  On April 30, 2012, Plaintiff filed a Motion for additional time within which to effectuate service of process, citing case management difficulties as

well as an unspecified family tragedy.[1]  The magistrate judge granted the motion by text order on June 15, 2012.  According to the record, the Defendants were served with process on June 28, 2012.

## DISCUSSION

The Defendants allege that dismissal is warranted due to Plaintiff's failure to demonstrate good cause for the extension granted by the magistrate judge.  The Plaintiff responds that good cause was demonstrated and that a dismissal now would be tantamount to a dismissal with prejudice.

The Federal Rules of Civil Procedure require that service of the summons and complaint be made upon a defendant within 120 days after the filing of the complaint.  FED. R. CIV. P. 4(m).  The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process.  *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir.1986).  "When a district court entertains a motion to extend time for service, it must first determine whether good cause exists.  If good cause is present, the district court *must* extend time for service.  If good cause does not exist, the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service."  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

---

[1]"Through no fault of the plaintiff, her attorney has been engaged in managing his criminal and civil case loads along with other federal cases as a solo practitioner. In addition, Plaintiff's attorney has been steadily attempting to manage the fallout from a recent family tragedy". *See* Plaintiff's Motion To Enlarge Period Of Time In Which To Service Defendants.

Here the magistrate judge determined that the Plaintiff had demonstrated good cause and thus granted an extension of time within which to effectuate service of process.[2]  The conclusions of the magistrate judge are neither clearly erroneous nor contrary to law.  Moreover, assuming that the Plaintiff failed to establish good cause, Defendants have not addressed, nor have they challenged, the broad discretionary authority of the magistrate judge to grant such an extension under Rule 4(m).  *See Vives v. Children's Hosp., Inc.,* CIV.A. 11-2080, 2012 WL 2679447 (E.D. La. July 6, 2012)("Even assuming, for the sake of argument, that "good cause" did not exist for the untimely service, the Court has broad discretion in determining whether dismissal for failure to timely serve is warranted, and also whether to extend time for service.")

Finally, it is significant to note that an order of dismissal in this case would amount to a dismissal with prejudice.  Dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir.1980).  Consequently, where dismissals with prejudice have been affirmed, the reviewing court has generally found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.  *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d

---

[2]The magistrate judge affirmed and clarified the text order by finding "that good cause was established under Rule 4(m) of the Federal Rules of Civil Procedure."  *See* Order Affirming Text Order [Doc. 16 and 19] and Order of Clarification [Doc. 18 and 20].

321, 325-26 (5th Cir. 2008).

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion of the Defendants, To Dismiss And To Quash Service of Process [7] should be, and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 21st day of October, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE