IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RHONDA PERRY                                                                PLAINTIFF

VS.                                                        CASE NO.:3:11cv787 HTW-LRA

HINDS COUNTY HUMAN RESOURCE
AGENCY; KENN COCKRELL;
AND JANE AND JOHN DOES 1-5                                    DEFENDANTS

## AMENDED COMPLAINT

### (JURY TRIAL REQUESTED)

### INTRODUCTION

1.      This is an action for actual and statutory pursuant to Title VII of the Civil Rights Act of 1964 as amended and state law.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, because the case arises under the laws of the United States. This Complaint alleges separate claims of a sexually hostile work environment and for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq. as amended such that Federal Question jurisdiction is therefore proper for those claims.  This Honorable Court has supplemental jurisdiction over State Law Claims.

3.      Venue is appropriate in this judicial district under 28 U.S.C. 1391(b), and other applicable law because Defendants and a substantial part of the events giving rise to this Complaint occurred within the Southern District of Mississippi, Jackson Division.

### PARTIES

4.      At all times relevant to this complaint, Rhonda Perry was a citizen of the United

1

States of America and a resident of the State of Mississippi.

5. At all times relevant to this complaint, Defendant Hinds County Human Resource Agency ("HCHRA") conducted business in this judicial district. HCHRA may be served with process of this Court by serving a copy of this complaint upon its President/Chief Executive Officer, Kenn Cockrell, at 258 Maddox Road, Jackson, MS.

6. Defendant Kenn Cockrell is an adult resident citizen of the State of Mississippi residing in the Southern District of Mississippi, and was at all relevant times herein, and prior thereto, President and Chief Executive Officer of the Hinds County Human Resource Agency. He may be served wherever he may be in the State of Mississippi.

7. The term "Defendant" or "Defendants" shall refer and relate to all Defendants unless otherwise noted. All claims, statements, causes of action, counts, and theories of recovery are alleged in the alternative to and in addition to each other.

## FACTS

8. Plaintiff was employed at HCHRA as a case manager supervisor since December of 2002.

9. Since approximately 2009 and on a continuing basis from that date until her constructive discharge on or about July, 2011, Plaintiff was subjected to unwelcomed sexual harassment and a hostile work environment by HCHRA's President/Chief Executive Officer, Kenn Cockrell and Defendants.

10. Perry was propositioned by Cockrell on multiple occasions and whenever both Perry and Cockrell traveled out of town on business related trips, Cockrell repeatedly requested Perry's presence in his room to have drinks with him and engage in personal interactions. In addition to the above, Cockrell's sexual harassment occurred in other various ways and on various occasions when

he would make sexually harassing comments and advances. For example, he would call Plaintiff's direct line and ask her to come in and stay late on Saturday. In addition, he invited Plaintiff for dinner. He touched Plaintiff's rear-end and commented. He attempted to pressure Plaintiff into a relationship with him. He told Plaintiff that it hurt him when he had her phone logs pulled because he felt Plaintiff had not contacted him enough. When Plaintiff rejected his advances, he repeatedly stated that he would throw the ball back at her in the same way she was throwing it at him, reminding her he was the CEO. Plaintiff reasonably understood his comments to threaten her work environment because she failed to accept his advances. He, in fact, perpetuated an increasingly hostile work environment in retaliation and as part of the sexual harassment. He asked her to resign for failing to accept his advances and in retaliation for complaining.

11. Perry was also propositioned and threatened (as well as harassed) by Cockrell on other occasions verbally (in person and/or via telephone) as well as via emails and text messages. He engaged in the above conduct in various ways depending on the occasion as part of the sexually harassing conduct (and as part of retaliatory conduct in response to Plaintiff opposing sexual harassment).

12. As it became clear that Perry would not be receptive to Cockrell's sexual advances and that the complaints regarding Cockrell's harassment had been made, Perry was also subjected to retaliation by Cockrell.

13. Also, after continuously rebuffing Cockrell's sexual advances, Cockrell began to harshly critique Perry's work, humiliate her at work in a verbal and written manner and threaten Perry's job by requesting her resignation on multiple occasions. Cockrell perpetuated further harassment and a further hostile work environment in retaliation to Plaintiff's complaints and in

response to her unwillingness to accept his sexually harassing conduct. Plaintiff opposed the sexually harassing and retaliatory conduct.

14. As a result of Cockrell's continuous harassment, Perry has suffered from severe emotional distress and was forced to seek the care of a physician.

15. The harassment to which Plaintiff was subjected by Cockrell was severe or pervasive and created a severe or pervasive hostile work environment for Perry as she attempted to carry out her duties as an employee of HCHRA.

16. As a result of Cockrell's continuous harassment, Perry filed an internal complaint with Ms. Ruby Blake, the HCHRA Executive Vice-President of the Personnel Department as stated the Charge Attached as Exhibit "A". First and before the written complaint, Plaintiff went to make a formal complaint with paperwork in hand. She told Ruby Blake about what had happened. Ms. Blake indicated that she was shocked that it was happening to Plaintiff, but stated Ms. Blake believed it. Ms. Blake indicated she would takes steps to stop it, but did not and Plaintiff was retaliated against. It was thereafter that Plaintiff filed a written complaint. The conduct did not stop thereafter and Plaintiff was retaliated against. Also, on other occasions, Plaintiff took other actions to complain including, but not limited to complaining to supervisors Robert Morton and Ethel Minnifield. It appeared that because Cockrell was the final arbiter of all internal complaints, an appropriate, adequate investigation was not conducted and Perry's complaints were not appropriately addressed. Regardless of what Defendant claims occurred internally and regardless of Cockrell's role, Plaintiff's legitimate concerns were not adequately handled nor addressed such that the environment continued thereafter. Defendant failed to adequately communicate adequate corrective opportunities as well. Regardless, Plaintiff acted reasonably at all times with regard to her actions in attempting to have the matters addressed.

17. Subsequently, Perry filed a Charge with the Equal Employment Opportunity Commission on or about August 31, 2010. See "Charge of Discrimination," a true and correct copy of which is attached hereto as Exhibit "A." <u>The contents of the charge are incorporated herein as outlining certain facts regarding the events, sexual harassment, and retaliation.</u> After Plaintiff filed an EEOC Charge, Cockrell made it clear Plaintiff would be excluded from important meetings, and took other actions to perpetuate an increasingly hostile work environment. Defendant was otherwise responsible for an increasingly hostile work environment in retaliation for her complaints and separately for her filing the EEOC Charge.

18. The Equal Employment Opportunity Commission issued a "Notice of Right to Sue" letter which Perry received on September 28, 2011. See "Notice of Right to Sue," a true and correct copy of which is attached hereto as Exhibit "B."

19. The sexually harassing and retaliatory conduct significantly affected the work environment and was not adequately addressed by Defendant. It occurred under circumstances wherein Defendant is vicariously responsible for Cockrell's conduct. When considering all factors there was a lack of adequate actions to address the conduct on the part of Defendant given that Plaintiff complained and was still subject to the hostile work environment sexual harassment as well as subject to retaliation. The environment resulted in circumstances that were significantly distressing and so intolerable such that a reasonable person, such as Plaintiff would have felt compelled to resign. As a result of the sexual harassment, hostile work environment, and retaliation Plaintiff was constructively discharged from the environment on or about July, 2011.

## ALLEGATIONS OF LAW

### COUNT I
(Intentional Infliction of Emotional Distress)

20. The above and below Paragraphs of the Complaint are incorporated by reference as though pleaded in full.

21. The conduct of Defendant herein set forth was extreme and outrageous. Not only were the sexual advances and retaliation unwelcomed, but they were willful, wanton, reckless, intentional, persistent and continuous. They conduct was the result of intentional acts in the course and scope of employment carrying out the business of employment.

22. Defendant on multiple occasions, acting through his agents, as specified above, perpetrated and caused severe emotional distress to Perry.

### COUNT II
(Sexual Harassment in violation of Title VII, 42 U.S.C. 2000 et. seq. as amended)

31. Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative and in addition to each other. They are alleged in the alternative and in addition to the claims in the other Counts as well. This Count represents separate claims of sexual discrimination under Title VII (SEXUAL HARASSMENT).

32. All conditions precedent to the institution of this lawsuit have been fulfilled. Defendant is alleged to have violated section 703 of Title VII, 42 U.S.C. § 2000e-2 et seq. as amended, in ways outlined in this Complaint. Plaintiff seeks all damages and losses available under all law referred to in this Complaint.

33. Defendant also perpetuated a sexually hostile, harassing work environment (the environment was severe and/or pervasive; the harassment occurred under circumstances Defendant

6

is vicariously liable for; the harassment was unwelcomed; the harassment was based on sex and Plaintiff is female. The harassment significantly interfered with Plaintiff's work and work performance).

34. In addition to hostile work environment sexual harassment, Plaintiff makes claims of quid pro quo sexual harassment. Among other facts providing the basis for her claims, Cockrell suggested he would interfere with her work environment because she would not submit to advances. His role in creating a hostile work environment from which she was constructively discharged was carried out in part because she refused to accept his advances.

35. Plaintiff makes separate claims for each act upon her involving the conduct described above. In the alternative, and in addition, she was subject to sexual harassment when the environment became so intolerable such that a reasonable person, Plaintiff, would have felt compelled to resign. Plaintiff therefore was constructively discharged.

36. As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in ALL other parts of this pleading incorporated herein.

37. In the alternative and in addition, the unlawful actions of the Defendant were in reckless disregard of the statutory rights of Plaintiff.

38. Plaintiff incorporates the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide alternate or additional detail.

## COUNT III
(Retaliation in violation of Title VII, 42 U.S.C. 2000 et. seq. as amended)

39. Plaintiff re-alleges and incorporates all averments set forth above and below as if fully incorporated here. Plaintiff was treated adversely with regard to the terms and conditions of

employment when she was retaliated against by Defendant due to complaining about conduct believed to be discriminatory (opposing it). In the alternative, and in addition, she was retaliated against when the environment became so intolerable such that a reasonable person, Plaintiff, would have felt compelled to resign. Plaintiff was therefore constructively discharged. She suffered adverse employment actions due to complaining about conduct reasonably believed to be in violation of Title VII. Defendant took adverse employment action as stated and described above in addition to and, in the alternative to, other adverse employment action which occurred. In the alternative and in addition to the above, Plaintiff makes separate claims for retaliation due to Defendant's actions following Plaintiff's EEOC Charge and as a result of her filing the EEOC Charge.

40. Defendant is alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 and/or all other provisions which would address the actionable conduct or provide remedies therefore. Plaintiff had a right to be free from the effects of retaliatory practices in her employment relationship and/or agreement with Defendant.

41. Plaintiff makes separate claims for each act of retaliation perpetuated upon her following each separate time complaining (opposing and for the events following her Charge). Plaintiff makes separate claims under section 704 of Title VII for the adverse employment actions perpetuated prior to her EEOC charge and after, as well as prior to her constructive discharge and separately resulting in her constructive discharge. Plaintiff claims all available damages under all Federal (and State Law) referenced in this Complaint.

42. As a direct and proximate result of Defendant's unlawful, conduct toward Plaintiff, Plaintiff has lost wages, and has been retaliated against by changes in the terms and conditions of employment, as well as suffered other losses as more fully described in all other parts of the Complaint including the provision reading "Wherefore Premises Considered". The losses and

damages referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in other parts of the Complaint including but not limited to the paragraph reading "Wherefore Premises Considered…."

43. Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff. She reserves the right to claim they were legally wanton or willful under legal arguments related to facts which Plaintiff may set forth in this action.

## DAMAGES INCLUDING BUT NOT LIMITED TO PUNITIVE DAMAGES FOR ALL COUNTS

44. Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein. Plaintiff suffered losses and damages as set forth below and incorporated herein from the section beginning "WHEREFORE PREMESIS CONSIDERED…." She also preserves a claim for punitive damages for conduct which was willful and/or wanton and/or in reckless disregard for her civil rights as well as in reckless disregard for the above law (as she alleges the conduct was). Defendant acted in reckless disregard for Plaintiff civil rights and for the law in its actionable conduct giving rise to State and Federal claims. Defendant breached its agreements with Plaintiff willfully, wantonly, and in reckless disregard for his civil rights.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial on each separate claim(s). Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each count, claim, or cause of action:

1. Front pay/lost wages as well as back pay/lost wages to the fullest extent recoverable, value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received following), lost value of incidentals and other pecuniary losses proximately caused by Defendant's unlawful conduct as well as fair compensation for the acts and omissions referred to;

2. Damages against Defendant in an amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount; Those damages include but are not limited to (recovery for the following categories of damages are sought in the alternative and in addition to each other): compensation for past, present, and future emotional distress or non-economic losses; past, present, and future out of pocket costs and attorney fees; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future lost wages to the fullest extent recoverable; loss of wage earning capacity; incidental costs of finding employment and seeking redress, costs related to medical treatment occurring OR which might occur in the future (if Plaintiff has not incurred it already and to the extent Plaintiff later decides to seek it. Recovery for medical costs or treatment is sought only to the extent Plaintiff seeks it or has sought it related to the actionable conduct at issue); past, present, and future other reasonably expected incidental costs, and others. Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent

possible, and Plaintiff prays for a right to a jury trial under the Constitution for each claim. Plaintiff prays for all other compensatory, punitive, and other damages she may legally recover. Plaintiff also claims all costs, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees and any other damages allowed under actions brought pursuant to all above federal law, (including but not limited to Title VII), which Plaintiff specifically intends to bring this Complaint under, as well as all damages allowable under any other above-mentioned applicable law and Mississippi common law; and

    3.    Punitive damages against Defendant in an amount to be determined by the jury to the extent warranted;

    4.    Such further relief as is deemed just and proper. (Plaintiff claims all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages).

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable.

RESPECTFULLY SUBMITTED this the 6th day of January, 2014.

**FOR THE PLAINTIFF,
RHONDA PERRY,**

By: *s/ Michael R. Brown, Esq.*
MICHAEL R. BROWN, ESQ.

OF COUNSEL:
Michael R. Brown, Esq.
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, MS 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com

## CERTFICATE OF SERVICE

I hereby certify that I have filed this document with the electronic filing system of the captioned Court which will give notice to all attorney's of record.

This the 6th day of January, 2013.

*s/ Michael R. Brown, Esq*